CARL O. EDLING, APPELLEE, v. LOUIS BRADFORD, APPELLANT.

[FILED OCTOBER 21, 1890.]

1. Written Instruments: CONSTRUCTION. A chattel mortgage on certain buildings in course of erection and upon a leasehold interest, an assignment of the lease, and a contract between the parties in relation to the subject-matter were executed on the same day. *Held,* That in determining the rights of parties thereunder they would be construed together.

2. ———: ———: CONTRACT: MORTGAGE. Certain buildings situated upon leased land were mortgaged to one B. and an assignment of the lease executed to him and a contract entered into between the parties which provided " that he (B.) shall have and take immediate possession of the property this day mortgaged to him by Anderson and wife, and Edling and wife, being the building and improvements on lot 8, in block 56, in the city of Omaha, Nebraska, including the lot. But the said Bradford, when he shall have been paid in full the amount due him upon said mortgage, is to surrender possession of said property to Anderson and Edling, and he hereby agrees with them to reassign to them the lease this date by them assigned to him." The mortgage also contains a provision that said Bradford shall have the right to collect all rents, issues, and profits thereof as further security for the notes below described, and said rents are hereby assigned to him for that purpose, the same to be credited upon said notes as fast as the same are collected, save and except so much thereof as may be necessary shall be applied in the payment of the ground rent and insurance and such taxes as these mortgagors are bound to pay on said property." *Held,* That it was the duty of Bradford to apply the rents in payment of insurance, taxes, ground rent, and interest on the notes, and that he

38

could not declare a forfeiture and sell the property under the mortgage before the first note became due.

3. ——: ——: ——: ——: ACCOUNTING. Plaintiff is entitled to an accounting and to redeem the property.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Charles Ogden*, and *Congdon & Hunt*, for appellant, cited: *Salisbury v. Andrews*, 19 Pick. [Mass.], 250, 252; *Warde v. Warde*, 16 Beav. [Eng.], 103; *Randel v. Canal Co.*, 1 Harr. [Del.], 154; *Hookes v. Swain*, 1 Lev. [Eng.], 102; *Gifford v. First Pres. Soc.*, 56 Barb. [N. Y.], 114; *Shoenberger v. Hay*, 40 Pa. St., 132; *Watchman v. Crook*, 5 Gill & J. [Md.], 239; *Ludlow v. McCrea*, 1 Wend. [N. Y.], 228; *Marvin v. Stone*, 2 Cow. [N. Y.], 781; *Burk v. Burk*, 64 Ga., 632; *Wadlington v. Hill*, 10 S & M. [Miss.], 560, 562; *Richardson v. Palmer*, 38 N. H., 218; *Jackson v. Myers*, 3 Johns. [N. Y.], 388; *Newlean v. Olson*, 22 Neb., 719; *Winnipisseogee, etc., Co. v. Perley*, 46 N. H., 83; *Youngs v. Wilson*, 27 N. Y., 351; *Stanley v. Green*, 12 Cal., 148; *Connery v. Brooke*, 73 Pa. St., 80; *Hamm v. San Francisco*, 17 Fed. Rep. [Cal.], 119; *Stone v. Clark*, 1 Metc. [Mass.], 378; *Pike v. Munroe*, 36 Me., 309; *Means v. Pres. Ch.*, 3 Watts & S. [Pa.], 303; *Moore v. Griffin*, 22 Me., 350; *Mills v. Catlin*, 22 Vt., 98; *Benedict v. Gaylord*, 11 Conn., 332; *Chouteau v. Suydam*, 21 N. Y., 179; *Wolf v. Scarborough*, 2 O. St., 361; *Houston v. Nord*, 40 N. W. Rep. [Minn.], 568; *Walker v. Cockey*, 38 Md., 75; *In re Bogart*, 28 Hun [N. Y.], 466; *Valentine v. Van Wagner*, 37 Barb. [N. Y.], 60; *Ferris v. Ferris*, 28 Id., 29; *Crane v. Ward*, 1 Clark Ch. [N. Y.], 393; *Hale v. Gouverneur*, 4 Edw. Ch. [N. Y.], 207*; *Noyes v. Clark*, 7 Paige Ch. [N. Y.], 179; *O'Connor v. Shipman*, 48 How. Pr. [N. Y.], 126; *Ottawa R. Co. v. Murray*, 15 Ill, 337; *Stanclift v. Norton*, 11 Kan., 218, 222; *Richards v. Holmes*, 59 U. S. [18 How.], 143; *Johnson v. Payne*, 11 Neb., 269; *Guthrie v. Jones*, 108

Mass., 191; *Kutter v. Smith*, 2 Wall. [U. S.], 491; *Van Ness v. Pacard*, 2 Pet. [U. S.], 137; *Dalzell v. Lynch*, 4 W. & S. [Pa.], 255; *Minshall v. Lloyd*, 2 M. & W. [Eng.], 450; *Brewster v. Hill*, 1 N. H., 350; *Gay's Case*, 5 Mass.; 419; *Duchane v. Goodtitle*, 1 Blackf. [Ind.], 117; *Fleetwood's Case*, 8 Coke [Eng.], 171; *Vredenbergh v. Morris*, 1 Johns. Cas. [N. Y.], 224; *Burden v. Kennedy*, 3 Atk. [Eng.], 739; 3 Am. & Eng. Ency. Law, 164; *Winslow v. Tarbox*, 6 Shep. [Me.], 132; *Barr v. Doe*, 6 Blackf. [Ind.], 335; *Cade v. Brownlee*, 15 Ind., 369; *Schee v. Wiseman*, 79 Id., 389; *McCarty v. Burnet*, 84 Id., 23, 26; *Buhl v. Kenyon*, 11 Mich., 249; *Hutchinson v. Bramhall*, 42 N. J. Eq., 373; *Freeman v. Dawson*, 110 U. S., 264; *Hyatt v. Vincennes Bank*, 113 Id., 408; *Loring v. Melendy*, 11 O., 355; *Northern Bank v. Roosa*, 14 Id., 335; Freeman, Executions, sec. 119 and citations; *People v. Westervelt*, 17 Wend. [N. Y.], 674; *Chapman v. Gray*, 15 Mass., 445; *Nessler v. Neher*, 18 Neb., 649; *Harrison v. McWhirter*, 12 Id., 152; *Green v. Gross*, Id., 123; *Burbank v. Ellis*, 7 Id., 163; *Weaver v. Coumbe*, 15 Id., 170; *Kittle v. St. John*, 10 Id., 605; *McHugh v. Smiley*, 17 Id., 623; *Bridges v. Bidwell*, 20 Id., 195; *Galway v. Malchow*, 7 Id., 287; *Kinney v. Watts*, 14 Wend. [N. Y.], 38; *Tone v. Brace*, 8 Paige Ch. [N. Y.], 596; 11 Id., 566; *Mayor v. Mabie*, 3 Kern. [N. Y.], 159; *Vernam v. Smith*, 1 Smith [N. Y.], 333; *Doupe v. Genin*, 1 Sweeny [N. Y.], 25; *Sandford v. Travers*, 40 N. Y., 144; *Mack v. Patchin*, 42 Id., 174; *Wilson v. Brannan*, 27 Cal., 258; *Hurt v. Kelly*, 43 Mo., 238; *Dyer v. Shurtleff*, 112 Mass., 165; *Princeton L. & T. Co. v. Munson*, 60 Ill., 371; *Davey v. Durrant*, 1 De G. & J. [Eng.], 535; *Mowry v. Sanborn*, 68 N. Y., 153, 160; *Martin v. Paxson*, 66 Mo., 260, 266; *Norton v. Ohrns*, 35 N. W. Rep. [Mich.], 175; *Woodward v. Wilcox*, 27 Ind., 207; *Dikeman v. Puckhafer*, 1 Abb. Pr. [N. Y.], 32; *Howland v. Willett*, 3 Sandf. [N. Y.], 607; *Farrell v. Bean*, 10 Md., 217; *Southwick v. Hapgood*, 10 Cush.

[Mass.], 119; *Goodrich v. Willard*, 2 Gray [Mass.], 203; *Byram v. Gordon*, 11 Mich., 531; *Brock v. Headen*, 13 Ala., 370; *Lanphere v. Lowe*, 3 Neb., 131; *Holt Co. Bk. v. Tootle*, 25 Id., 408; *Lowenburg v. Bernd*, 47 Mo., 297; *Walker v. Sherman*, 20 Wend. [N. Y.], 636; *Teaff v. Hewitt*, 1 O. St., 511; *Fisher v. Saffer*, 1 E. D. Smith [N. Y.], 612; *Ford v. Cobb*, 20 N. Y., 344; *Myrick v. Bill*, 17 N. W. Rep. [Dak.], 268; *Corcoran v. Webster*, 6 Id. [Wis.], 513; *Raymond v. Morrison*, 13 Id., 332; *Wightman v. Spofford*, 8 Id., 680.

*Howard B. Smith*, and *Shaw & Kuehnle, contra*, cited: Greenleaf, Ev. [Redfield Ed.], 297; *Palmer v. Albee*, 50 Ia., 429; *Anderson v. Weiser*, 24 Id., 428; *McClelland v. James*, 33 Id., 571; *Taylor v. Trulock*, 55 Id., 448; *Paddock v. Bartlett*, 68 Id., 19; *Davis v. Butrick*, Id., 98; *Sweney v. Davidson*, Id., 391; *Davis v. Robinson*, 67 Id., 361; *Gibson v. Jones*, 5 Leigh [Va.], 370; *Wilkins v. Gordon*, 11 Id., 547; *Booknan v. Burnett*, 49 Ia., 303; *Stromberg v. Lindberg*, 25 Minn., 513; *Alger v. Farlee*, 19 Ia., 520; Hill, Trustees, 175, 279, 734; Perry, Trusts, 499; *Doe v. Robinson*, 24 Miss., 688; *Powell v. Tuttle*, 3 Comst. [N. Y.], 396; *Waldron v. Chastency*, 2 Blatchf. [U. S.], 62; *Crosby v. Huston*, 1 Tex., 225; *Smith v. Sublett*, 28 Id., 169; *Taylor v. Horde*, 1 Burr. [Eng.], 60; *Gunter v. Fanes*, 9 Cal., 645; *Hawkins v. Kemp*, 3 East [Eng.], 410; *Bitter v. Calhoun*, 8 S. W. Rep., 524; Jones, Chat. Mtgs., 280, 797, 801; *Lee v. Fox*, 14 N. E. Rep., 892; Herman, Chat. Mtg., 514; *Mapps v. Sharpe*, 32 Ill., 13; *Hunt v. Bass*, 2 Dev. Eq. [N. Car.], 292; *Fletcher v. McGill*, 10 N. E. Rep. [Ind.], 651; *Ikerd v. Beavers*, 106 Ind., 483; *Kloepping v. Stellmacher*, 21 N. J. Eq., 328; *Ord v. Noel*, 5 Mad. [Eng.], 440; *Booth v. Kehoe*, 71 N. Y., 341; *Breese v. Bange*, 2 E. D. Smith [N. Y.], 474; *Nessler v. Neher*, 18 Neb., 649; *Rosenfield v. Chada*, 12 Id., 25; *Wheeler v. Sexton*, 34 Fed. Rep., 154; *Doo-*

*little v. Lewis*, 7 Johns. Ch. [N. Y.], 48; Ewell, Fixtures, 275, 290, 293; *Green v. Armstrong*, 1 Denio [N. Y.], 554; *Fechet v. Drake*, 12 Pac. Rep., 694; *Lyle v. Palmer*, 3 N. W. Rep. [Mich.], 921; *McNally v. Connolly*, 11 Pac. Rep., 320; *Hyatt v. Vincennes Bank*, 113 U. S., 408.

MAXWELL, J.

This is an action for an accounting and to redeem certain real estate, brought in the district court of Douglas county by Edling against Bradford.

It appears from the record that on the 5th day of October, 1882, Edling and one Anderson leased for ten years lot 8 and the east six feet of lot 7, in block 56, in the city of Omaha. The lessees proposed to erect certain store buildings on these lots. Anderson was a carpenter and builder and resided in Omaha. Edling was a resident of Iowa and advanced $5,000 in the enterprise. Anderson seems to have claimed that he advanced a like sum, but whether he did so or not is left in doubt. After the building was partially completed, and Edling and his associate heavily indebted for material furnished in the construction of the building, an arrangement was made with Bradford to furnish $7,500 to complete the building, and Anderson and wife and Edling executed a chattel mortgage to Bradford as follows:

"For the consideration of $7,500 in hand paid, and for the purpose of securing the notes hereinafter described, we, John N. Anderson and Tena Anderson, his wife, C. O. Edling and Charlotte Edling, his wife, do hereby give, grant, sell, and convey and mortgage unto Louis Bradford, of Omaha, the following described goods, chattels, and property, to-wit: All buildings, structures, and improvements on lot 8, in block 56, in the city of Omaha, Nebraska, together with all of our right, title, and interest in or to said lot, being a leasehold. And we do covenant

that all claims or liens against or on account of said improvements shall be paid off out of said amount, and the remainder thereof shall be expended in completing said buildings and improvements; that when said buildings and improvements shall be completed, said Bradford shall have the right to collect all rents, issues, and profits thereof as further security for the notes below described, and said rents are hereby assigned to him for that purpose, the same to be credited upon said notes as fast as the same are collected, save and except so much thereof as may be necessary shall be applied in the payment of the ground rent and insurance, and such taxes as these mortgagors are bound to pay on said property.

"This sale is made to secure the payment of two certain promissory notes for the sum of $7,500 total; one being for $2,500, of this date, payable in one year; one being for $5,000, of this date, payable in two years; both signed by said mortgagors, payable to order of said Bradford, with interest from date at ten per cent per annum, payable annually.

"Now, if the said Anderson and his wife, and the said C. O. Edling and his wife, shall well and truly pay, or cause to be paid, the said sum of money in said notes mentioned, with the interest thereon, according to the tenor and effect of said notes, and shall keep and perform all the other covenants and agreements aforesaid, then these presents shall be null and void. But if said sum of money, or any part thereof, or any interest thereon, is not paid when the same becomes due, then in that case, or in case any of said covenants and agreements are not kept and performed, the whole of said sum and interest shall, and by this indenture does, immediately become due and payable, and the said Bradford shall have the right to take immediate possession of said property, and on default herein, to sell the same at public auction, in the manner provided by law, and out of the proceeds of said sale pay

said notes and interest, and the costs of such proceedings, and the balance, if any there be, pay over to said Anderson and his wife, and Edling and his wife.

"And it is further agreed and understood that the said Bradford shall have the right at any time to take possession of the above described property and hold the same.

"Signed this 21st day of April, A. D. 1883.

"JOHN N. ANDERSON.
"TENA ANDERSON.
"C. O. EDLING.

"In presence of
"CHARLES OGDEN."

This mortgage was duly acknowledged and filed for record.

On the same day on which the mortgage was executed, Bradford, Anderson and wife, and Edling entered into a contract as follows:

"It is understood and agreed hereby that Louis Bradford shall have and take immediate possession of the property this day mortgaged to him by Anderson and wife and Edling and wife, being the building and improvements on lot 8, in block 56, in the city of Omaha, Nebraska, including the lot. But the said Bradford, when he shall have been paid in full the amount due him upon said mortgage, is to surrender possession of said property to said Anderson and Edling, and he hereby agrees with them to reassign to them the lease this date by them assigned to him, being a lease of said lot from H. H. Visscher to them for the term of ten years, which was recorded on the 7th day of October, 1882, in book I, at page 270; Miscellaneous Records of Douglas County, Nebraska. Nothing herein contained shall be taken to prevent said Anderson and Edling from going on to complete said building and improvements on said lot.

"It is further agreed by said Anderson and wife, and Edling and wife, and said Bradford that if, in the event of

the foreclosure of the mortgage by sale of the buildings and improvements, sufficient shall be realized to pay the said mortgage, costs, and expenses, that then said Bradford shall reassign to said mortgagors said lease; in the event that such sale shall not realize sufficient to pay said mortgage, costs, and expenses, then said Bradford shall sell said leasehold interest at public sale upon the same advertisement required by law for the foreclosure of chattel mortgages, and out of the proceeds thereof pay the balance due upon such mortgage, costs, and expenses, and pay the remainder to said Anderson and Edling; and in the event of such sale of said lease, said Bradford shall be and is authorized to transfer said lease to the purchaser, and his transfer shall have the same force and effect as if the same were made and executed by said Anderson and said Edling and wives, and thereupon turn over the possession of the lot to such purchaser. Louis Bradford.

"John N. Anderson.

"C. O. Edling.

"Tena Anderson.

"In presence of

"Charles Ogden."

On the same day Bradford obtained from Anderson and wife and Edling an assignment of the lease.

As part consideration for the $7,500, the unsecured note of Anderson to Bradford for $700 was taken as part payment. Edling and Anderson were indebted to Bradford in the sum of $3,700. The remainder, viz., $3,077.30, was paid out by the attorney of Bradford upon the orders of Anderson, as Edling nor Bradford seem neither to have had implicit confidence in Anderson. The amount of this loan failed to complete the building, and Bradford, to protect himself, was compelled to pay the further sum of more than $2,000. In 1883 Anderson conveyed all his interest in the premises to Edling. On November 14, 1883, Bradford advertised the property for sale under his chattel mortgage. The notice is as follows:

"Notice is hereby given, that on the 21st day of April, 1883, John N. Anderson and Tena Anderson, his wife, and Charles O. Edling and Charlotte Edling, his wife, made their chattel mortgage to Louis Bradford to secure two promissory notes, both dated Omaha, April 21, 1883, one for $2,500 and payable one year after the date thereof, and the other for $5,000, payable in two years after date to the order of said Louis Bradford, said notes drawing interest at the rate of ten per cent per annum from date; that said mortgage was on the 23d day of April, 1883, duly filed and recorded in the office of the county clerk for Douglas county, Nebraska, that being the county in which the mortgaged chattel was situated; that by the terms of said mortgage the said mortgagors covenanted that all claims or liens against or on account of the improvements on said mortgaged chattel should be paid off out of the amount above named herein, and that the remainder thereof should be expended in completing said mortgaged chattel and the improvements thereon; that default has been made in the above covenant, in that said mortgagors, or any of them, have never performed or kept said covenants, or any part thereof; that the condition of said mortgage was to the effect that if said mortgagors failed to keep and perform all the covenants and agreements by them to be kept and performed, provided for in said chattel mortgage, then and in that case the whole of said sum and interest should immediately become due and payable, and the mortgagee was authorized to sell said chattel and apply the proceeds in paying said notes, interest, and the costs of such proceedings. No suit or proceeding has been instituted at law to recover the debt secured by said mortgage, or any part thereof. The amount due at the date of this notice is $8,231.25. The property covered and conveyed by said mortgage is described therein as follows: 'All buildings, structures, and improvements on lot 8, in block 56, in the city of Omaha, Nebraska, together with all of our right,

title, and interest in or to said lot, being a leasehold.' On the 5th day of December, A. D. 1883, at 10 o'clock in the forenoon, at the Anderson and Edling building, in Omaha, to-wit, at the northwest corner of Sixteenth and Davenport streets, the undersigned will, under the power contained in said mortgage, sell all and singular the above described building and leasehold interest of said mortgagors in lot 8, block 56, city of Omaha, Douglas county, Nebraska, at public auction, to the highest bidder, for cash.

"LOUIS BRADFORD."

Under this notice one Charles W. Edgerton, a constable, sold, first, the building to Bradford for the sum of $3,200, and closed the sale thereof at 10:30 A. M., and next sold the leasehold to Bradford for $1,000, and closed the sale thereof at 11 o'clock. Bradford was not present in person at the sale, but was represented by a friend who purchased the property in his name. On the trial of the cause an account was ordered of the amount received by Bradford for rents of said premises, etc., and the amount necessarily expended by him, and he was allowed $1,390 as compensation for the care of the property, the same being five per cent of the total amount of money which he had received. The court also ordered Bradford to surrender the premises to Edling on the payment of $248.89.

The three instruments, viz., the chattel mortgage, assignment of the lease, and contract heretofore set forth, executed on the same day—apparently at the same time, are to be construed together. Construing them together, Bradford was created a trustee and placed in possession of the property, with authority to collect the rents and apply them to certain purposes. That he did collect rents is clearly shown by the testimony. While the mortgage contains a condition of forfeiture in case Edling and Anderson failed to make certain payments, yet, from other provisions of the several instruments, it is evident that those payments were to be made by Bradford from the rents of the

premises.    The note for $2,500 was payable one year from date, while the second note of $5,000 was not payable until two years from date; that is, one note was payable on the 24th day of April, 1884, adding days of grace, and the second on the 24th day of April, 1885.    Yet in seven months and a half from the date of the instruments the mortgagee and trustee, who had received the rents and profits of the premises, advertised the property for sale under an alleged clause of forfeiture and purchased the property for an inconsiderable sum, considering its value as shown by the evidence.    This cannot be permitted. Bradford took the property as security for his debt.    He is entitled to repayment of the sums loaned by him, with interest thereon, but he has no right to more than this.

In a case of this kind, where accounts are to be adjusted between the parties, and a default declared as the result of the forfeiture, the proper tribunal to determine the rights of the parties is a court of equity.    Such a court will construe the contract of the parties and, as far as possible, protect the rights of the mortgagor and the mortgagee, and its decree, unless appealed from, will be conclusive.    If, however, a party does not invoke the aid of the court, but proceeds to advertise and sell mortgaged property upon an alleged default and forfeiture, he does so at his peril.    The mortgagor has rights in the premises which must be considered, as well as those of the mortgagee.    It seems to be assumed in many cases that the mortgagee is the only party entitled to consideration in the premises. He is entitled to the repayment of his loan with lawful interest thereon and no more, but he must, as far as possible, protect the rights of the mortgagor ; in other words, he must act in good faith with him.

In the case at bar there was no default of Edling and Anderson, and the advertisement and sale were premature, and the plaintiff is entitled to redeem.

Second—It will be observed that in the contract accom-

panying the mortgage it is provided that in case it is necessary to sell the leasehold interest, then Bradford should sell the same at public sale. Substantially the same provision is contained in the chattel mortgage. And in the notice of sale it is stated that " the undersigned [Louis Bradford] will, under the power contained in said mortgage, sell all and singular the above described building," etc.

It is contended on behalf of Edling that this being a trust to be exercised by an individual named, it must be exercised by him and not by another; and that unless the sale is made in conformity to the power, it will be void. There is much force in the argument. A party may have the utmost confidence in the fairness and integrity of the trustee or mortgagee and believe that in case of a forced sale he will conduct the same in such a manner as to obtain the best price possible for the property. This is an important matter. Every person of observation and experience knows that a public sale conducted by a disinterested person, who is anxious to sell the property for the highest price possible, is more likely to effect that object than an indifferent salesman, or one whose interest it is to have the property sold for a low price. It is not the policy of the law to permit the mortgagee to disregard the person agreed upon and named in the mortgage, select an auctioneer to his own liking, and become the chief bidder at the sale. In view of the fact, however, that Edling has a right to redeem, we will not make a formal decision on this point without further argument. The amount allowed Bradford being but five per cent of the entire sum, shows that the property is very valuable, and that it is his duty to account to Edling. The judgment of the district court is

AFFIRMED.

THE other judges concur.